IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JAMES R. WELCOME,
    Plaintiff,

vs.                                    Case No.:  3:13cv608/MCR/EMT

RAYMOND E. MABUS,
Secretary of the Navy,
    Defendant.
_____/

## REPORT AND RECOMMENDATION

    Plaintiff James R. Welcome ("Welcome"), proceeding pro se, initiated this employment discrimination action by filing a complaint under 42 U.S.C. § 2000e, *et seq.* (Title VII of the Civil Rights Act of 1964) (doc. 1).  Welcome subsequently filed a Second Amended Complaint, which is the operative pleading (doc. 28).  Defendant Raymond E. Mabus, Secretary of the Department of the Navy ("Secretary Mabus"), seeks dismissal of the Second Amended Complaint for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6) (doc. 30).  Welcome filed a response in opposition to the motion (doc. 32).

    The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters.  *See* N.D. Fla. Loc. R. 72.2(E); *see also* 28 U.S.C. § 636(b)(1)(B), (C).  Upon review of the parties' submissions, it is the opinion of the undersigned that the motion to dismiss filed by Secretary Mabus should be granted in part.

I.    BACKGROUND AND PROCEDURAL HISTORY

    On April 25, 2011, Welcome filed a formal complaint of discrimination ("Formal EEO Complaint") with the Equal Employment Opportunity office of the Department of the Navy ("Agency") (*see* doc. 28, Second Amended Complaint at 3).  In the Formal EEO Complaint, Welcome alleged the Marine Corps Logistics Base in Albany, Georgia, discriminated against him on the basis of race (African American) on October 8, 2000, by not referring or selecting him for one of three positions

as a Supervisory Industrial Specialist, GS-1150-12/13, vacancy announcement number 00-MR52-SPL-0726 (*see* doc. 30, Motion to Dismiss, Ex. 2, Formal EEO Complaint, p. 15 and continuation page).  In the Formal EEO Complaint, Welcome stated that with regard to his allegations of discrimination, he had filed a civil action in the United States District Court (Welcome indicated he had filed an amended complaint in the district court case on March 9, 2004) (*see* Formal EEO Complaint, p. 16).  Welcome alleged he applied for the Supervisory Industrial Specialist vacancy on August 31, 2000, but his name was not referred for selection (*see id.*, p. 15, continuation page).  He alleged three white employees (one female and two males) were selected for the vacancies, and he believed they were "pre-selected" (*see id.*).

On May 12, 2011, the Agency acknowledged receipt of Welcome's Formal EEO Complaint (*see* doc. 30, Motion to Dismiss, Ex. 3, Notice of Amendment/Dismissal of Formal Complaint, referencing Notice of Receipt of Formal Complaint).  On August 9, 2011, the EEO counselor issued a report (*see* Second Amended Complaint at 5–6; *see also* Motion to Dismiss, Ex. 3, Notice of Amendment/Dismissal of Formal Complaint, referencing EEO counselor's report dated August 9, 2011).[1]

On October 6, 2011, the Agency issued a Notice of Acceptance of Complaint of Discrimination and Request for Investigation and Information ("Notice of Acceptance"), stating the Agency accepted the following claims for investigation:  whether Welcome was discriminated against based on race when he was not referred for 33 positions listed in the EEO counselor's report (*see* Second Amended Complaint at 5; *see also* Response to Motion to Dismiss, Ex. 3; Motion to Dismiss, Ex. 3, Notice of Amendment/Dismissal of Formal Complaint, referencing Notice of Acceptance of Discrimination Complaint dated October 6, 2011).[2]  Welcome alleges the Notice of Acceptance advised him that if he believed the claim was not correctly identified, he must notify the Agency within

---

[1] Neither the written acknowledgment of receipt of the Formal EEO Complaint nor the EEO counselor's report are included in the record, but Welcome's sworn statements in his Second Amended Complaint and the attachments to the complaint, as well as the attachments to Secretary Mabus's motion to dismiss and Welcome's response, show that the Agency issued both documents on the dates indicated.

[2] The actual Notice of Acceptance is not included in the record, but Welcome's sworn statements in his Second Amended Complaint and the attachments to the complaint, as well as the attachments to Secretary Mabus's motion to dismiss and Welcome's response, show that the Agency issued the Notice of Acceptance on October 6, 2011, and indicated the claims accepted for investigation.

seven days and state why he believed the claim was not correctly identified (*see* Second Amended Complaint at 5). On October 24, 2011, Welcome requested correction of the claim accepted for investigation to include the claim asserted in his Formal EEO Complaint, specifically, his non-referral/non-selection for one of three positions as a Supervisory Industrial Specialist, GS-1150-12/13, vacancy announcement number 00-MR52-SPL-0726, in addition to the non-referral/non-selections for the 33 positions listed in the EEO counselor's report, for a total of 34 claims of non-referral/non-selection (*see* Response to Motion to Dismiss, Ex. 1). The Agency received Welcome's request for correction on November 1, 2011, as indicated by the certified mail return receipt (*see id.*).

On April 9, 2012, the Agency issued a Memorandum for James Welcome, informing him that the following claim was accepted for investigation: was Complainant discriminated against based on race (African American) when he was not referred or selected for 33 positions listed in the EEO counselor's report (*see* Response to Motion to Dismiss, Ex. 3, Memorandum for James Welcome). The Memorandum advised Welcome that the investigation would be conducted via his written declaration, and if he wished for the investigation to continue, he must complete the declaration (*see id.*). The Memorandum further advised him to address only information related to the specific accepted claim(s) (*see id.*). The Memorandum further advised him to submit his declaration **NO LATER THAN April 19, 2012** (*see id.* (emphasis in original)). On April 23, 2012, Welcome signed his declaration ("Declaration") (Response to Motion to Dismiss, Ex. 3, Declaration under Penalty of Perjury). He answered questions with regard to the 33 positions listed in the EEO Counselor's report, including the last question, which asked, "Do you have any additional relevant information to offer?" Welcome stated the following:

> ANSWER: The United States District Court, Middle District of Georgia, Albany Division, Judge W. Louis Sands Final Approval Ordered [sic] of June 11, 2010 stated that African American applicant for a merit-staffing position at the Marine Corps Logistics Base at Albany, Georgia ("the base") and Blount Island Command in Jacksonville, Florida for the period from March 3, 2000 through January l, 2009 are a member of the class in the Civil Action No. 1:02-CV-94-2 (WLS) lawsuit. The Court Order did not specify the type of application that an applicant could submit when they applied for a position at the base such as Resume, Resumix or OF-612. On August 9, 2000 I submitted my OF-612 application for Job Opportunity Announcement/Vacancy Announcement Number 00-MR-SPL-0726 Supervisory

> Industrial Specialist GS-1150-12/13 to the HRSC-SE in Stennis, Mississippi. I was not selected for any of the three positions. Three current white employees were selected for the positions (two males and one female). During a meeting with the Director of the HRSC-SE (Mr. Patrick Brown) he provided me with a letter stating that a HRSC-SE Staffing Specialist falsified documents and did not refer me for consideration to the selecting officials when I was well qualified for the positions. I will enclose additional documentation in support of my claim.

(*see* Declaration, pp. 2–4).

On June 4, 2012, the Agency issued a Report of Investigation (*see* Response to Motion to Dismiss, Ex. 3, Report of Investigation). The Report of Investigation expressly stated that the investigation was limited to the positions listed in the EEO counselor's report, and that the additional vacancy Welcome addressed in his Declaration, specifically, the three vacancies announced in vacancy number 00-MR52-SPL-0726, would not be discussed in the Report of Investigation because the position was not included as part of the "accepted" claim:

> When asked if he had additional information, Complainant raises the Vacancy Announcement Number 00-MR-SPL-0726, for a Supervisory Industrial Specialist, GS-1150-12/13 position which he applied for and asserts should have been included in the EEO Counselor's Report and the Notice of Acceptance. Although the dates of that recruitment appear to be in the period designated for the class complaint, it was not part of the accepted claim. Complainant did not provide a copy of his appeal or an amended accepted claim, and therefore that recruitment was not discussed herein. Complainant further asserts that in connection with his non-referral for that particular position, the Director of HRSC-SE, (b)(7)(c) (race and other position information not provided), provided him with a letter stating that a HRSC-SE Staffing Specialist (name, race and position information not provided), falsified documents and did not refer him for consideration for the position when he was well qualified; three white candidates were selected (I[nvestigative] F[ile] p. 11107; see related documents at the Enclosure (Encl) to the IF, including the referenced letter at Encl p. 30). This letter does not appear to be related to or referring to any of the recruitments in the accepted claim.

(*see* Report of Investigation, p. 6).

On October 3, 2012, the Agency issued a Notice of Amendment/Dismissal of Formal Complaint ("Final Agency Decision") (*see* doc. 30, Motion to Dismiss, Ex. 3, Notice of Amendment/Dismissal of Formal Complaint). The Final Agency Decision noted that the Notice of Acceptance erroneously included 33 claims of non-referral/non-selection from the EEO counselor's report that were not included in Welcome's Formal EEO Complaint, and the Notice of Acceptance

erroneously omitted the single claim of non-selection alleged in the Formal EEO Complaint, specifically, the non-selection for three positions as a Supervisory Industrial Specialist, GS-1150-12/13, vacancy announcement number 00-MR52-SPL-0726 (*id.*). The Final Agency Decision therefore redefined the discrimination claim as follows:

> Was the Complainant discriminated against based on his race (African American) when he was not selected for a Supervisory Industrial Maintenance Specialist, GS-1150-12/13 announcement for 3 vacancies (same positions) in August 2000 in Albany, GA?

(*see id.*). With regard to that claim, the Final Agency Decision dismissed the claim, pursuant to 29 C.F.R. § 1614.107(a)(3), because it was the basis of a civil action decided in Welcome v. Secretary, Case No. 3:03cv80/RV/MD (N.D. Fla. Mar. 7, 2005) (*id.*).

Welcome appealed the Final Agency Decision to the EEO Commission ("Decision on Appeal") (*see* doc. 30, Motion to Dismiss, Ex. 4, Decision). On March 22, 2013, the EEO Commission affirmed the Final Agency Decision (*see id.*). Welcome filed a timely request for reconsideration of the decision, but the EEO Commission denied his request for rehearing on September 18, 2013 (*see* doc. 1, attached Denial).

Welcome commenced the instant Title VII action on December 2, 2013 (doc. 1). In his Second Amended Complaint, he claims he was discriminated against based on race (African American), in violation of Title VII, when he was not referred or selected for 34 positions during the period March 3, 2000 through September 17, 2010 (doc. 28 at 4–5). He additionally claims the Agency unlawfully amended his Formal EEO Complaint to include only the non-selection for three positions as a Supervisory Industrial Specialist, GS-1150-12/13, vacancy announcement number 00-MR52-SPL-0726 (*id.* at 7). Welcome also claims that the Agency violated a federal regulation by failing to notify him of his right to request a hearing after 180 days passed from the date he filed his Formal EEO Complaint (*id.*). As relief, Welcome seeks compensatory and punitive damages (*id.* at 8). He also seeks unspecified injunctive relief for the Agency's failure to conclude its investigation in a timely manner (*id.*).

II.   MOTION TO DISMISS STANDARD

Secretary Mabus seeks dismissal of Welcome's claims for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. In determining whether dismissal is warranted

under Rule 12(b)(6), the allegations of the complaint are taken as true and are construed in the light most favorable to non-moving party. *See* Davis v. Monroe County Bd. of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997). To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quotation and citation omitted). A claim is plausible on its face where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). Plausibility means "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quotation and citation omitted).

The determination of whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679 (citation omitted). The pleader is not entitled to relief "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Id.* (citing Fed. R. Civ. P. 8(a)(2)). The court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 678 (quotation and citation omitted). And "bare assertions" that "amount to nothing more than a formulaic recitation of the elements" of a claim "are conclusory and not entitled to be assumed true." *Id.* at 681 (quotation and citation omitted). Stated succinctly:

> Pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Id.* at 679.

III. DISCUSSION

Secretary Mabus make three arguments in support of dismissal of this case (*see* doc. 30, Motion to Dismiss). Secretary Mabus argues that Plaintiff's claim of non-referral/non-selection for the Supervisor Industrial Specialist (GS-1150-12/13) positions at the Marine Corps Logistics Base in Albany, Georgia, are precluded by res judicata or claim preclusion (*id.* at 4–5). Mabus additionally argues that Plaintiff's claims of non-referral/non-selection for the additional 33 positions,

his claim of improper amendment of his Formal EEO Complaint, and his claim of failure to notify him of his rights, are subject to dismissal for failure to exhaust administrative remedies (*id.* at 5–8). Secretary Mabus also argues that Plaintiff's claims which are related to the alleged amendment of his Formal EEO Complaint and failure to notify him of his rights are subject to dismissal for failure to state a claim because they are not "employment practices" entitled to protection under Title VI (*id.* at 8–9).

> A.   Res Judicata or Claim Preclusion

Secretary Mabus contends Welcome's claims of non-referral/non-selection for the three Supervisory Industrial Specialist positions at the Marine Corps. Logistics Base in Albany, Georgia, in October of 2000, are barred by res judicata, because those claims were or could have been litigated in a prior action between the same parties, namely, Welcome v. Johnson, Case No. 3:03cv80/RV/MD (N.D. Fla. Mar. 7, 2005) ("Welcome I") (*see* Motion to Dismiss at 4–5).

In Welcome's response, he concedes his amended complaint in Welcome I asserted a Title VII claim, as well as a claim under the Veterans Employment Opportunity Act of 1998, based upon his non-referral/non-selection for the Supervisory Industrial Specialist GS-1150-12/13 vacancies (*see* doc. 32, Response to Motion to Dismiss at 7). However, he argues res judicata does not apply to that claim because the claim did not proceed through the EEO administrative process (*id.* at 7–8). As to his remaining 33 claims of non-referral/non-selection, he contends they are not barred by res judicata, because they were not adjudicated in Welcome I (*id.* at 7).

The Supreme Court has explained that following "a full and fair opportunity to litigate[, res judicata] protects [a party's] adversaries from the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions." Montana v. United States, 440 U.S. 147, 153–54, 99 S. Ct. 970, 59 L. Ed. 2d 210 (1979). Res judicata precludes claims if all of the following four factors are satisfied: "(1) the prior decision must have been rendered by a court of competent jurisdiction; (2) there must have been a final judgment on the merits; (3) both cases must involve the same parties or their privies; and (4) both cases must involve the same causes of action." In re Piper Aircraft Corp., 244 F.3d 1289, 1296 (11th Cir. 2001) (citations omitted). Likewise, in the Eleventh Circuit, collateral estoppel can apply only "when the parties are the same (or in privity) [and] if the party against whom the issue was

decided had a full and fair opportunity to litigate the issue in the earlier proceeding." In re Southeast Banking Corp., 69 F.3d 1539, 1552 (11th Cir. 1995) (citing Allen v. McCurry, 449 U.S. 90, 95, 101 S. Ct. 411, 66 L. Ed. 2d 308 (1980); In re St. Laurent, 991 F.2d 672, 675 (11th Cir. 1993)).

Here, Welcome's claim of non-referral/non-selection for the three Supervisory Industrial Specialist GS-1150-12/13 positions related to vacancy announcement number 00-MR52-SPL-0726, meets the four elements of res judicata. The instant case involves the same parties or their privies as Welcome I (*see* Motion to Dismiss, Ex. 1, Order in Welcome I).[3] The district court had jurisdiction to render the decision in Welcome I. *See* 42 U.S.C. § 2000e-16(c). The district court adjudicated Welcome's discrimination claim on the merits, granted summary judgment in favor of the Secretary, and entered final judgment accordingly (*see id.*). Finally, Welcome's claim of non-referral/non-selection for the three Supervisory Industrial Specialist GS-1150-12/13 positions related to vacancy announcement number 00-MR52-SPL-0726 asserted in the instant case, is the same employment discrimination claim adjudicated in Welcome I (*see id.*). Therefore, Welcome is precluded from re-litigating his claim regarding the Agency's non-referral/non-selection for the three Supervisory Industrial Specialist GS-1150-12/13 positions related to vacancy announcement number 00-MR52-SPL-0726.

### B. Exhaustion

Secretary Mabus contends Welcome failed to exhaust his administrative remedies as to his claims of non-referral/non-selection for the 33 positions that the Agency did not consider in its Final Agency Decision (*see* Motion to Dismiss at 5–8). Mabus also contends that to the extent Welcome additionally asserts Title VII claims based upon the Agency's alleged amendment of his Formal EEO Complaint, and the Agency's alleged failure to notify him of his right request a hearing upon its failure to complete its investigation within 180 days, Welcome did not exhaust his administrative remedies as to those claims (*id.*).

In response, Welcome contends he amended his Formal EEO Complaint to include the non-referral/non-selection for the 33 positions listed in the EEO counselor's report, when he requested, on October 24, 2011, correction of the identification of his claims to include a total of 34 non-

---

[3] The defendant in Welcome I was Hansford T. Johnson, then-Secretary of the Navy (*see* Motion to Dismiss, Ex. 1, Order in Welcome I).

referrals/non-selections, including the 33 listed in the EEO counselor's report and the claim of non-referral for the three vacancies as a Supervisory Industrial Specialist, GS-1150-12/13, vacancy announcement number 00-MR52-SPL-0726 (*see* Response to Motion to Dismiss at 1–19). With regard to the Agency's alleged amendment of his Formal EEO Complaint and failure to notify him of his right request a hearing within 180 days, Welcome clarifies he is not asserting a Title VII claim; instead, he is simply stating that the EEO Commission failed to take appropriate administrative action against the EEO officer who rendered the Final Agency Decision, based upon her allegedly violating his rights when she unlawfully amended his Formal EEO Complaint for the sole purpose of dismissing it, and the Commission improperly ignored his October 24, 2011 "amendment/correction" to his Formal EEO Complaint (*id.* at 6–7).

Exhaustion of administrative remedies is a matter in abatement that should be raised in a motion to dismiss, or treated as such if raised in a motion for summary judgment. *See* Bryant v. Rich, 530 F.3d 1368, 1374–75 (11th Cir. 2008) (addressing the Prison Litigation Reform Act's exhaustion requirements); *see also, e.g.,* Basel v. Sec'y of Defense, 507 F. App'x 873, 874–75 (11th Cir. 2013) (unpublished) (applying Bryant to Title VII complaint); Tillery v. U.S. Dep't of Homeland Sec., 402 F. App'x 421, 424–25 (11th Cir. 2010) (unpublished) (same).[4] Thus, it is permissible for a district court to consider facts outside of the pleadings and resolve factual disputes so long as the factual disputes do not decide the merits and the parties are given sufficient opportunity to develop a record. *See* Bryant, 530 F.3d at 1376. Deciding a motion to dismiss for failing to exhaust administrative remedies is a two-step process. *See* Turner v. Burnside, 541 F.3d 1077, 1082 (11th Cir. 2008). First, the court must look to the factual allegations in the defendant's motion and the plaintiff's response, taking the plaintiff's version of the facts as true to the extent that it conflicts with that of the defendant. *Id.* If the complaint is not subject to dismissal at this step, the court must then make specific findings to resolve the parties' factual disputes, and determine whether the defendant bore its burden of proving that the plaintiff failed to exhaust his administrative remedies. *Id.* at 1082–83.

Both federal statutes and Equal Employment Opportunity Commission ("EEOC") regulations require a federal employee to exhaust an administrative process before filing a judicial complaint of

---

[4] The undersigned cites unpublished Eleventh Circuit cases only as persuasive authority and recognizes that the opinions are not considered binding precedent. *See* 11th Cir. R. 36-2.

Case No.: 3:13cv608/MCR/EMT

employment discrimination under Title VII.  *See* Brown v. Snow, 440 F.3d 1259, 1262 (11th Cir. 2006). The district court considers whether the plaintiff made a good faith effort to comply with the regulations and provide all of the relevant specific information available to him so that the federal agency is given every opportunity to investigate and resolve the dispute.  *Id.* at 1263.

A plaintiff alleging discrimination against a federal agency must first consult an EEO counselor within 45 days of the effective date of the alleged discriminatory personnel action.  29 C.F.R. § 1614.105(a)(1) (eff. Dec. 7, 2009).  Over the 30 days following the plaintiff's initial contact, the EEO counselor must try to informally resolve the plaintiff's complaint, and advise the plaintiff regarding a number of rights and responsibilities.  *See id.*, § 1614.105(a)–(d).  If the informal counseling procedure does not resolve the issue, the EEO counselor must, within 30 days after the plaintiff contacted him or her, advise the plaintiff of his right to file a discrimination complaint.  *Id.*, § 1614.105(d).  The plaintiff must then file a complaint with the agency against which he alleges discrimination within 15 days of receiving notice from the EEO counselor.  *Id.*, § 1614.106(a)–(c). The complaint must contain a signed statement from the person claiming to be aggrieved, which must be sufficiently precise to identify the aggrieved individual and the agency, and to describe generally the action(s) or practice(s) that form the basis of the complaint.  *Id.*, § 1614.106(c).  The plaintiff may amend a complaint at any time prior to the conclusion of the investigation to include issues or claims like or related to those raised in the complaint.  *Id.*, § 1614.106(d).  Federal regulations require the federal agency to acknowledge receipt of a complaint or an amendment to a complaint in writing and inform the complainant of the date on which the complaint or amendment was filed.  *Id.*, § 1614.106(e).

The purpose of exhaustion is to permit the federal agency the first opportunity to investigate the alleged discriminatory or retaliatory practices, and a plaintiff's judicial complaint is thereby limited by the scope of the investigation that can reasonably be expected to grow out of the administrative charge of discrimination or retaliation.  *See* Gregory v. Ga. Dep't of Human Res., 355 F.3d 1277, 1279–80 (11th Cir. 2004). The proper inquiry is, therefore, whether the plaintiff's judicial complaint was like or related to, or grew out of, the administrative allegations.  *See id.* at 1280. Judicial claims are allowed if they "amplify, clarify, or more clearly focus" the charges made before the agency, and, given that courts are reluctant to allow procedural technicalities to bar Title VII

claims, the scope of the administrative charges should not be strictly construed. *See id.* at 1279–80 (quotation omitted).

Welcome contends his October 24, 2011 correspondence to the Agency operated to amend his Formal EEO Complaint, under 29 C.F.R. § 1614.106(d), to include the 33 non-referral/non-selections listed in the EEO counselor's report. However, in the October 24, 2011 correspondence, Welcome did not state he was amending his Formal EEO complaint; instead, he requested "correction" of certain items included in the EEO counselor's report. Further, he did not file an amended complaint. Additionally, there is no indication the Agency issued a written acknowledgment of receipt of an amendment, pursuant to 29 C.F.R. § 1614.106(e).

However, liberally construing Welcome's pro se pleadings, he appears to argue that the Agency should be equitably estopped from raising an exhaustion defense as to the 33 claims of non-referral/non-selection listed in the EEO counselor's report. Assuming that a federal agency may be equitably estopped from raising an exhaustion defense in a Title VII suit, equitable estoppel requires an allegation of misconduct on the part of the party against whom it is made. *See* Browning v. AT & T Paradyne, 120 F.3d 222, 226 (11th Cir. 1997); Forehand v. Fla. State Hosp. at Chattahoochee, 89 F.3d 1562, 1570 n.17 (11th Cir. 1996) ("Precedent binding on us . . . holds that procedural defects in Title VII suits are subject to equitable modification."); Fouche v. Jekyll Island State Park Auth., 713 F.2d 1518, 1525 (11th Cir. 1983) ("[A]ll Title VII procedural requirements to suit are henceforth to be viewed as conditions precedent to suit rather than as jurisdictional requirements."). Additionally, the party claiming estoppel must show a reliance on his adversary's conduct in a manner that changed his position for the worse, and that the reliance was reasonable in that he did not know nor should he have known that his adversary's conduct was misleading. *See* Ferry v. Hayden, 954 F.2d 658, 661–62 (11th Cir. 1992); *see also, e.g.,* Basel, 507 F. App'x at 878–79 (assuming that Secretary of Navy may be equitably estopped from raising an exhaustion defense in a Title VII suit, but concluding plaintiff failed to show reasonable reliance on Navy's misconduct in such a manner that changed his position for the worse).

Here, as acknowledged by the Agency in its Decision on Appeal, the Agency itself defined Welcome's claims in its Notice of Acceptance, dated October 6, 2011, as non-referral/non-selection for 33 vacancies discussed during the EEO counseling and included in the counselor's report dated

Case No.: 3:13cv608/MCR/EMT

August 9, 2011 (*see* Motion to Dismiss, Ex. 4). The Agency acknowledged in writing, dated April 9, 2012, that the claim accepted for investigation included the 33 non-referrals/non-selections listed in the EEO counselor's report (*see* Response to Motion to Dismiss, Ex. 3, Memorandum for James Welcome).  Additionally, the Report of Investigation dated June 4, 2012, identified Welcome's claim as the non-referral/non-selection for 33 positions listed in the EEO counselor's report (*see* Response to Motion to Dismiss, Ex. 3, Report of Investigation).  Indeed, the Report of Investigation acknowledged that Welcome's claim was defined as and limited to the 33 positions listed in the EEO counselor's report (*id.*).  Welcome relied upon the Agency's defining his claim as such, and thus did not formally amend his Formal EEO Complaint.  Welcome's reliance upon the Agency's conduct was reasonable in that he did not know, nor should he have known, that even though the Agency defined his claims as the 33 listed in the EEO counselor's report, the Agency would not consider those claims unless he filed an amended complaint.  Welcome's reasonable reliance changed his position for the worse because the Agency did not consider the 33 claims that it formally accepted for investigation, and instead effectively amended its Notice of Acceptance to conform to Welcome's Formal EEO Complaint, and it considered only the claim asserted in the Formal EEO Complaint, noting that the Notice of Acceptance erroneously omitted the one claim asserted in the Formal EEO Complaint and erroneously included 33 claims that were not included in the Formal EEO Complaint.  The Agency thus did not review the 33 non-referral/non-selection claims, even though the Agency accepted those claims for investigation, notified Welcome on October 6, 2011 that it defined his discrimination claim as including those claims, and indeed investigated those claims.

      The undersigned concludes that dismissal of Welcome's Title VII complaint for failure to exhaust is not warranted as to his 33 non-referral/non-selection claims identified in the Notice of Acceptance and investigated by the Agency.  *See* Brown, 440 F.3d at 1264–65 (district court correctly refused to dismiss Brown's Title VII complaint for failure to exhaust administrative remedies where EEOC was given every opportunity to investigate and resolve dispute, Brown cooperated in good faith with EEOC, and his premature filing of his civil action did not prevent the EEOC from investigating his complaint); *see also* Wade v. Sec'y of Army, 796 F.2d 1369, 1377 (11th Cir. 1986) (district court erred in dismissing Title VII complaint without determining, upon de novo consideration of the facts, whether plaintiffs had complied to the extent they were able, with regulatory requirements, but noting

that if an employee is hampered by the action of the agency, he should not be deemed thereby to have failed to comply with exhaustion requirements). Therefore, the court should proceed on only those 33 non-referral/non-selection claims. *See* Wade, 796 F.2d at 1378 (upon determining that the employee in fact complied with federal regulations (or was prevented by the agency from doing so) and that the agency therefore rejected the individual or class complaint without cause, the court should not direct the employee or class agent to return to the agency to give the agency a second opportunity to resolve the dispute but should conclude that administrative remedies are exhausted and go on to try all issues in the case on their merits).

    C.    <u>Failure to state a claim regarding Agency's alleged amendment of the Formal EEO Complaint and failure to comply with notification requirement</u>

To the extent Welcome brings independent Title VII claims based upon the Agency's alleged amendment of his Formal EEO Complaint and failure to notify him of the right to request a hearing after 180 days from the filing Formal EEO Complaint as required by 29 C.F.R. § 1614.108(g),[5] he has failed to state a plausible claim for relief under Title VII. Title VII makes it an unlawful employment practice for an employer to "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race [or] color . . . ." 42 U.S.C. § 2000e-2(a); Bass v. Bd. of Cnty. Comm'rs, Orange Cnty., Fla., 256 F.3d 1095, 1103 (11th Cir. 2001). To make out a prima facie case of racial discrimination, a plaintiff must show: (1) he is a member of a racial minority; (2) he suffered an adverse employment action; (3) the employer treated similarly situated employees outside his racial minority more favorably; and (4) he was qualified for his employment. *See* Holifield v. Reno, 115 F.3d 1555, 1562 (11th Cir. 1997). An adverse employment action is "a serious and material change in the terms, conditions, or privileges of employment." Davis v. Town of Lake Park, Fla., 245 F.3d 1232, 1239 (11th Cir. 2001).

Here, neither of the Agency's actions of which Welcome complains (i.e., amending his Formal EEO Complaint, and failing to comply with the notice requirement of § 1614.108(g)), is an "employment decision" for purposes of Title VII. Furthermore, Welcome alleges no facts suggesting

---

[5] Part 1614.108 of Title 29 of the Code of Federal Regulations requires the Agency to notify a complainant that it was unable to complete its investigation within 180 days from the date of the Formal EEO Complaint and advise him that if he did not wish to wait until the Agency completed the investigation, he could request a hearing or file a civil action in the district court (*see* doc. 32, Ex. 4). 29 C.F.R. § 1614.108(g) (eff. July 25, 2012).

Case No.: 3:13cv608/MCR/EMT

either of these actions were taken on account of his race, or in retaliation for his filing an EEO complaint. Moreover, the Agency did not amend Welcome's Formal EEO Complaint, it amended its Notice of Acceptance and rendered a decision on the only claim asserted in Welcome's Formal EEO Complaint. With regard to Welcome's notification claim, the federal regulation upon which Welcome relies, 29 C.F.R. § 1614.108(g), was not added to § 1614.108 until July 25, 2012, <u>after</u> the Agency issued a Report of Investigation on June 4, 2012.  *See* 77 FR 43498-01 (July 25, 2012).  Because the regulation was not effective until after the Agency completed its investigation and issued its report, Welcome has not stated a plausible claim for relief based upon the Agency's alleged violation of the notice requirement.

For the foregoing reasons, it is respectfully **RECOMMENDED**:

1. That Defendant's motion to dismiss (doc. 30) be **GRANTED IN PART** as follows:

    a. That the motion be **GRANTED** as to the following claims, and that they be **DISMISSED with prejudice**:

    1. Plaintiff's claim that Defendant discriminated against him on account of his race by failing to refer or select him for three positions as a Supervisory Industrial Specialist, GS-1150-12/13, vacancy announcement number 00-MR52-SPL-0726;

    2. Plaintiff's claim that Defendant unlawfully amended his Formal EEO Complaint; and

    3. Plaintiff's claim that Defendant failed to comply with the notification requirement of 29 C.F.R. § 1614.108(g).

    b. That the motion to dismiss (doc. 30) be **DENIED** as to Plaintiff's claims that Defendant discriminated against him on account of his race by failing to refer or select him for the 33 positions identified in the Department of the Navy's Notice of Acceptance of Discrimination Complaint dated October 6, 2011.

2. That this matter be referred to the undersigned for further proceedings on Plaintiff's surviving claims identified in ¶ 1b., *supra*.

At Pensacola, Florida this 1<u>st</u> day of August 2014.

<u>/s/ Elizabeth M. Timothy</u>
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.**  *See* **28 U.S.C. § 636;** <u>United States v. Roberts</u>**, 858 F.2d 698, 701 (11th Cir. 1988).**